1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   CAMERON LEE HAYWOOD,                      No.  2:23-cv-0078 DB P
12              Plaintiff,
13        v.                                   ORDER
14   REED,
15              Defendant.
16
17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims defendants violated his Eighth Amendment rights by using

19   excessive force against him and failing to protect him.  Presently before the court is plaintiff's

20   amended complaint (ECF No. 11) for screening.  For the reasons set forth below, the undersigned

21   will give plaintiff the option to proceed immediately with his cognizable claims or to amend the

22   complaint.

23
24                                    **SCREENING**

     **I.       Legal Standards**
25
26        The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

28   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

                                           1

1    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

3    U.S.C. § 1915A(b)(1) & (2).

4          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

10   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

11   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

13   AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

14   (1957)).

15         However, in order to survive dismissal for failure to state a claim a complaint must

16   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

17   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

18   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

19   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

20   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

21   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

22         The Civil Rights Act under which this action was filed provides as follows:

23              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the deprivation
24              of any rights, privileges, or immunities secured by the Constitution .
                . . shall be liable to the party injured in an action at law, suit in equity,
25              or other proper proceeding for redress.

26   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

27   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

28   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

1    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

3    omits to perform an act which he is legally required to do that causes the deprivation of which

4    complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

6    their employees under a theory of respondeat superior and, therefore, when a named defendant

7    holds a supervisorial position, the causal link between him and the claimed constitutional

8    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

9    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

10   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

11   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12         **II.       Allegations in the Complaint**

13         Plaintiff states the events giving rise to the claim occurred while he was incarcerated at

14   California State Prison, Sacramento ("SAC").  (ECF No. 11 at 1.)  Plaintiff has identified SAC

15   correctional officer Reed along with several John Doe defendants.  (Id. at 1, 2.)

16         Plaintiff states he arrived at SAC on January 16, 2020.  (Id. at 3.)  Plaintiff claims John

17   Doe #1 failed to conduct an interview to determine a proper housing assignment.  He further

18   states Doe #1 intentionally assigned him to an incorrect housing unit.  (Id.)

19         Plaintiff was in Receiving and Release when officer Reed and John Doe #2 came to escort

20   him to a cell on A-Facility.  (Id.)  Plaintiff told Reed and Doe #2 that he should be going to A-

21   Facility – 5 Block Administrative Segregation.  Reed told plaintiff that he was going to cell 214

22   on A-Facility.  When they arrived at A-Facility plaintiff told Reed again that he was placing him

23   in the wrong housing unit.  Reed and Doe #2 hit plaintiff and threw him to the ground.  While

24   plaintiff was on the ground Doe #2 pulled his hair and hit him in the head.  (Id.)

25         Plaintiff alleges that Reed "using his fingers rammed them thru [sic] [plaintiff's] paper

26   jumpsuit and into [his] rectum . . . Then moved them around – He then removed his fingers and

27   using his state issued pepper spray – sprayed [plaintiff] on the opening and in [his] rectum."  (Id.)

28   ////

Reed asked if plaintiff had enough, and plaintiff responded, "I'm cool."  (Id. at 4.)  Doe #2 and Reed helped plaintiff to his feet and escorted him to the front of cell #214.

Plaintiff was pushed into cell #214 which was occupied by inmate McCastle.  (Id.)  After Reed removed plaintiff's handcuffs, "a physical altercation began" between plaintiff and McCastle lasting several minutes.  Plaintiff heard an unknown officer place a state issued mattress in front of the cell.  (Id.)  The officer then opened the cell door slightly so that plaintiff could pull in the mattress, then closed the cell door.  Plaintiff found a weapon in the mattress.  He states he stayed awake all night in fear his cellmate would attack him again.  (Id.)

The following day, January 17, 2020, an unknown officer came to the cell door.  Plaintiff asked why he was given a mattress that was ripped open with a mattress inside.  (Id.)  The officer did not respond.  Plaintiff placed the weapon in the toilet and flushed it.  He had another altercation with inmate McCastle before an unknown officer deployed pepper spray in the cell.  Plaintiff was handcuffed through the cuff port and removed from cell #214.

Once plaintiff was out of the cell the officers realized he was in the wrong housing unit.  (Id.)  Plaintiff was removed from A-Facility and put in a metal holding cage.  (Id. at 4-5.)  A medical staff member interviewed plaintiff.  (Id. at 5.)  Plaintiff informed the medical staff member that he was sexually assaulted the day before.  Plaintiff was put in Ad-Seg housing on A-Facility.

Plaintiff submitted an administrative grievance.  (Id.)  On an unspecified date "the Warden – John Doe #3 and Captain Riley came to speak with" him.  They told plaintiff if he withdrew his grievance they would give him an expensive boom box radio.  Plaintiff refused and the prison then refused to respond to any of his requests regarding the issues.  (Id.)  He further states that the prison hindered and stopped him from appealing to all levels.  He states the officials refused to provide him with his original appeal form but gave him a photocopy.  (Id.)

### III.    Does Plaintiff State a Claim under § 1983?

#### A.  Legal Standards

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

1   punishment prohibited by the Eighth Amendment.  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986);

2   <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).

3   Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

4   and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

5   by the Cruel and Unusual Punishments Clause."  <u>Whitley</u>, 475 U.S. at 319.

**1.  Excessive Force**

7       "When prison officials use excessive force against prisoners, they violate the inmates'

8   Eighth Amendment right to be free from cruel and unusual punishment."  <u>Clement v. Gomez</u>, 298

9   F.3d 898, 903 (9th Cir. 2002).  To establish a claim for excessive force, the plaintiff must show

10  that the officer applied the force maliciously and sadistically to cause harm rather than in a good-

11  faith effort to maintain or restore discipline.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 6 (1992).

12      However, "[not] every malevolent touch by a prison guard gives rise to a federal cause of

13  action."  <u>Id.</u> at 9 (citation omitted).  That is, "[n]ot every push or shove . . . violates a prisoner's

14  constitutional rights."  <u>Id.</u> (citation omitted).  "The Eighth Amendment's prohibition of 'cruel and

15  unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of

16  physical force, provided that the use of force is not of a sort repugnant to the conscience of

17  mankind."  <u>Id.</u> at 9-10 (citation and quotation omitted).  Furthermore, "prison administrators . . .

18  should be accorded wide-ranging deference in the adoption and execution of policies and

19  practices that in their judgment are needed to preserve internal order and discipline and to

20  maintain institutional security."  <u>Id.</u> at 6 (ellipses in original) (citation omitted).

21      The allegations in the complaint are conflicting with regard to whether correctional officer

22  Reed was the individual who assaulted plaintiff or whether it was plaintiff's cellmate.  (ECF No.

23  1 at 3-5.)  If officer Reed was the individual plaintiff alleges slammed him to the ground,

24  punched, kicked, and shoved his fingers inside plaintiff's rectum, then plaintiff has also alleged

25  facts sufficient to state a cognizable excessive force claim against officer Reed.  Because it is not

26  clear whether it was officer Reed or plaintiff's cellmate who took such action, the undersigned

27  declines to find that the complaint states an excessive force claim.  However, plaintiff may file an

28  amended complaint clarifying whether officer Reed or his cellmate assaulted him in the cell.

5

### 2.  Failure to Protect

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted).  The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner.  Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998).  Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted).

### 1.  Officer Reed

Plaintiff has alleged that officer Reed hit him without provocation before sexually assaulting him.  (ECF No. 11 at 3-4.)  Such allegations are sufficient to state an excessive force claim against Reed.

### 2.  Doe #1

Plaintiff has alleged that Doe #1 failed to interview him and intentionally assigned him to the wrong housing unit when plaintiff arrived at SAC.  (ECF No. 11 at 3.)  The allegations are insufficient for the court to determine if Doe #1 acted with conscious disregard for plaintiff's safety.  In any amended complaint, plaintiff must state additional facts showing that Doe #1 knew there was a risk to plaintiff's safety based on the housing placement.

### 3.  Doe #2

Plaintiff has alleged that Doe #2 hit plaintiff without provocation, pulled his hair while he was on the ground, and failed to intervene while officer Reed assaulted plaintiff.  Such allegations are sufficient to state an excessive force and failure to protect claim against Doe #2.

////

As the court previously stated, service cannot be affected on a Doe defendant.  (See ECF No. 6 at 6.)  If plaintiff chooses to file an amended complaint, he must use that time to attempt to discover the name of this defendant. Should plaintiff elect to proceed immediately on his failure to protect claim he may be afforded the opportunity for limited, preliminary discovery to identify the names of the John Does.  See Wakefield, 177 F.3d at 1163 (citing Gillespie, 629 F.2d at 642) (plaintiff should be given the opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover their identities and only after the court is satisfied that plaintiff has exhausted other possibilities of finding their names).

Once the identity of a Doe defendant is ascertained, plaintiff must file a motion to amend his complaint only to identify the name of the Doe defendant so that service by the United States Marshal can be attempted.  Plaintiff is advised that should he fail to identify either Doe defendant during the course of discovery, the court will recommend that they be dismissed from this action.

**4.  Doe #3**

Plaintiff has alleged that Doe #3 came to his cell with non-party Captain Riley, and offered plaintiff a radio if he dropped his grievance.  (ECF No. 11 at 5.)  The court is unsure if plaintiff claims defendant Doe #3 violated his right to be free of cruel and unusual punishment under the Eighth Amendment or some different theory of liability.  However, as alleged the allegations fail to state an Eighth Amendment claim because they fail to show that Doe #3's actions put plaintiff at risk of harm.  Should plaintiff choose to file an amended complaint, he should make clear which rights Doe #3 violated.

**AMENDING THE COMPLAINT**

As set forth above, plaintiff has alleged potentially cognizable excessive force and failure to protect claims against Reed and Doe #2 but has failed to state cognizable claims against Doe #1 and Doe #3.

Accordingly, plaintiff may, but is not required, to file an amended complaint.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging

7

1    allegations must be set forth in the amended complaint, so defendants have fair notice of the

2    claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

3    of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

4    Civ. P. 8(a).

5         Any amended complaint must show the federal court has jurisdiction, the action is brought

6    in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

7    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

8    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

9    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

10   of a constitutional right if he does an act, participates in another's act or omits to perform an act

11   he is legally required to do that causes the alleged deprivation).

12        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

13   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

14   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

15   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

16        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

17   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

18   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

19   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

20   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

21   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

22   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

23        An amended complaint must be complete in itself without reference to any prior pleading.

24   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

25   Any amended complaint should contain all of the allegations related to his claim in this action.  If

26   plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

27   complaint.

28   ////

1    By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

2    has evidentiary support for his allegations, and for violation of this rule the court may impose

3    sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

4                                         **CONCLUSION**

5    For the reasons set forth above, IT IS HEREBY ORDERED that:

6    1.  Plaintiff's amended complaint (ECF No. 11) states potentially cognizable excessive

7    force and failure to protect claims as set forth in Section III above.  The complaint does not

8    contain any additional cognizable claims.  Accordingly, plaintiff will have the option to proceed

9    with the complaint as screened or amend the complaint.

10    2.  Within thirty (30) days from the date of this order, plaintiff shall fill out and return the

11    attached form indicating how he would like to proceed in this action.

12    3.  Failure to comply with this order will result in a recommendation that this action be

13    dismissed.

14    Dated:  November 3, 2023

15

16

17                                         DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22    DB:12
     DB/DB Prisoner Inbox/Civil Rights/S/hayw0078.scrn2
23

24

25

26

27

28

9

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CAMERON LEE HAYWOOD,                    No.   2:23-cv-0078 DB P

12              Plaintiff,

13        v.                                 NOTICE OF ELECTION

14   REED,

15              Defendant

16

17

18   Check one:

19   _____   Plaintiff wants to proceed immediately on his excessive force and failure to protect

20           claims.  Plaintiff understands that by going forward without amending the complaint he

21           is voluntarily dismissing all other claims and defendants.

22

23   _____   Plaintiff wants to amend the complaint.

24

25   DATED:_____

26                                           _____

27                                           Cameron Lee Haywood
                                             Plaintiff pro se
28

                                            10